# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID WILSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 4:23-cv-00869-NCC |
| | ) |
| ANNE L. PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. Fourteen inmates have filed a joint prisoner civil rights lawsuit under 42 U.S.C. § 1983. For the reasons discussed below, this case will proceed against plaintiff David Wilson only. The remaining thirteen defendants will be stricken from this case, and separate prisoner civil rights cases opened for each of them.

## Background

The complaint in this case purports to be a "class action" brought by fourteen separate inmates incarcerated at the Missouri Eastern Correctional Center in Pacific, Missouri: David Wilson, Chris DeWeese, Demeyon Watie, Terrell Reed, LaJuan Hayes, Thomas May, Dallas Conn, Adrian Shaw, Mark Powell, Willie Oliver, Joseph Gorski, Quincy Baisden, LaAnthony Jones, and D'Andre Whitley. (Docket No. 1). The case is brought pursuant to 42 U.S.C. § 1983 and names as defendants Anne L. Precythe, Warden Hancock, Major Minchue, Lieutenant Jones, Lieutenant Hannewinkle, and Sergeant McDaniel. They are accused of allowing plaintiffs to be restrained with plastic zip-ties for an excessive amount of time while the Correctional Emergency Response Team searched their housing unit.

**Discussion**

This Court does not permit multiple prisoners to join together in a single lawsuit under Rule 20 of the Federal Rules of Civil Procedure.[1] *See, e.g., Georgeoff v. Barnes*, No. 2:09-cv-14-ERW (E.D. Mo. May 18, 2009). There are several reasons for this.

First, the Prison Litigation Reform Act (PLRA) requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Multiple filing fees cannot be collected for one case filed by multiple plaintiffs. Thus, the PLRA's requirement that a prisoner pay the full fee for filing a lawsuit would be circumvented in a multiple-plaintiff case subject to the PLRA. *See* 28 U.S.C. § 1914. As such, the requirement of § 1915(b)(1) that each prisoner pay the full amount of a filing fee requires individual prisoners to bring separate suits, rather than file jointly under Federal Rule of Civil Procedure 20. *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002).

Second, courts have noted that "the impracticalities inherent in multiple-prisoner litigation militate against the permissive joinder allowed by Rule 20." *Hagwood v. Warden*, 2009 WL 427396, at *2 (D. N.J. Feb. 19, 2009).

> Among the difficulties noted by these courts are the need for each plaintiff to sign the pleadings, and the consequent possibilities that documents may be changed as they are circulated or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation. [Other] courts have also noted that jail populations are notably transitory, making joint litigation difficult. A final consideration for [one court] was the possibility that "coercion, subtle or not, frequently plays a role in relations between inmates."

---

[1] Rule 20 allows permissive joinder of plaintiffs in one action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1).

*Id.* (quoting *Swenson v. MacDonald*, 2006 WL 240233, at *4 (D. Mont. Jan. 30, 2006)).

Third, joinder of prisoners' claims under Rule 20 would allow prisoners to avoid the risk of incurring strikes under 28 U.S.C. § 1915(g). That is, so long as one of the prisoners' claims is viable, a strike cannot be imposed, because § 1915(g) requires that an entire action be dismissed to count as a strike. Prisoners may not circumvent the PLRA penalties associated with filing frivolous actions by joining claims under Rule 20.

Finally, to the extent that plaintiffs seek to bring this case as a class action, the Court notes that it is well established that a self-represented litigant cannot represent the rights, claims, and interests of other parties in a class action lawsuit. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (providing that "[a] nonlawyer…has no right to represent another entity"); *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (affirming district court determination that pro se litigant could not adequately represent a class, "because the competence of a layman is clearly too limited to allow him to risk the rights of others"); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (stating that it was plain error to permit an imprisoned pro se litigant "who is unassisted by counsel to represent his fellow inmates in a class action"); *Casey-El v. City of St. Louis Department of Public Safety*, 2022 WL 17250170, at * 2 (E.D. Mo. 2022) (stating that "it is well established that non-attorney pro se plaintiffs cannot adequately represent a class"); and *Vanderbilt v. Arkansas Department of Corrections*, 2023 WL 348410, at *2 (E.D. Ark. 2023) (stating that "pro se litigants are not authorized to represent the rights, claims and interests of other parties in any cause of action, including a class action lawsuit").

For these reasons, the Court will not allow plaintiffs to proceed jointly in this action. The Court notes that plaintiff Wilson is the only plaintiff to sign the complaint. (Docket No. 1 at 17). Likewise, he is the only signatory of the motion for leave to proceed in forma pauperis and the

motion for appointment of counsel. (Docket No. 2; Docket No. 3). Plaintiff Wilson is also the only plaintiff to submit a copy of his inmate account statement. (Docket No. 4). As such, the instant case will proceed as to plaintiff Wilson only.

With regard to the other thirteen plaintiffs, the Court will direct the Clerk of Court to strike plaintiffs Chris DeWeese, Demeyon Watie, Terrell Reed, LaJuan Hayes, Thomas May, Dallas Conn, Adrian Shaw, Mark Powell, Willie Oliver, Joseph Gorski, Quincy Baisden, LaAnthony Jones, and D'Andre Whitley from this action, and to open a new case for each of these separate plaintiffs. Nothing in this Opinion, Memorandum and Order should be construed as precluding plaintiffs from cooperating to the extent that they are able, or as preventing consolidation of their cases for trial if that becomes appropriate at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **STRIKE** plaintiffs Chris DeWeese, Demeyon Watie, Terrell Reed, LaJuan Hayes, Thomas May, Dallas Conn, Adrian Shaw, Mark Powell, Willie Oliver, Joseph Gorski, Quincy Baisden, LaAnthony Jones, and D'Andre Whitley from this action.

**IT IS FURTHER ORDERED** that, using the complaint filed in the instant case, the Clerk of Court shall open a new prisoner civil rights case for Chris DeWeese, Demeyon Watie, Terrell Reed, LaJuan Hayes, Thomas May, Dallas Conn, Adrian Shaw, Mark Powell, Willie Oliver, Joseph Gorski, Quincy Baisden, LaAnthony Jones, and D'Andre Whitley.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file a copy of this Opinion, Memorandum and Order in the new cases opened for Chris DeWeese, Demeyon Watie, Terrell Reed, LaJuan Hayes, Thomas May, Dallas Conn, Adrian Shaw, Mark Powell, Willie Oliver, Joseph Gorski, Quincy Baisden, LaAnthony Jones, and D'Andre Whitley.

Dated this 13th day of July, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE