**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER SHANNON DEWEESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00885-SRW |
| ) | |
| GREGORY HANCOCK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a one-page document titled, "Plaintiff's Requests of the Court." ECF No. 27. Within, Plaintiff asks the Court for: (1) an extension of time, until January 10, 2025, to provide his Initial Disclosures to Defendants; (2) appointment of counsel; and (3) for the Court to send his discovery documents to Defendants. Attached are thirty-eight pages of discovery requests and related documents. ECF No. 27-1. Plaintiff's requests will be granted in part and denied in part.

Plaintiff shall be given additional time, up to and including January 10, 2025, to provide his Initial Disclosures to Defendants. However, he must provide those disclosures without the Court's assistance or intervention. The Court will not send the documents for him. Local Rule 3.02 instructs that "discovery . . . shall not be filed with the Court except as exhibits to a motion or memorandum." *See also* Fed. R. Civ. P. 5(d)(1)(A) (which, in relevant part, prohibits the filing of discovery material "until [it is] used in the proceeding."). Discovery requests are not to be filed with the Court but should instead be submitted between the parties. *See id*. Self-represented litigants, such as Plaintiff, must comply with the local and federal rules. *See, e.g., American Inmate*

*Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988 (per curiam) ("Pro se litigants are not excused from complying with court orders or substantive and procedural laws."); *Clemons v. Lombardi*, Case No. 4:13-cv-458-CDP, 2014 WL 409107, at *1 (E.D. Mo. Feb 3, 2014) (citing *Faretta v. California*, 422 U.S. 806, 834-35, 834 n.46 (1975)). As such, the discovery material submitted with Plaintiff's filing, ECF No. 27-1, will be stricken from the record as inappropriately filed.

Further, the Court has reviewed the status of the case and is of the opinion that the appointment of counsel to represent Plaintiff would best serve the interests of justice. Although a civil litigant has no constitutional or statutory right to a court-appointed attorney, the Court may make such an appointment at its discretion when the circumstances warrant. *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985). To determine whether to appoint counsel, the Court considers several factors, including whether: (1) the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) the plaintiff will substantially benefit from the appointment of counsel; (3) there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiff has presented non-frivolous claims, and the Court believes there is a clear need to further investigate the facts related to Plaintiff's allegations. A Case Management Order was issued in this matter with a discovery deadline of March 20, 2025. ECF No. 20. Both Plaintiff, and the Court, will benefit from the appointment of counsel to ensure discovery is completed within the deadlines set by the Court.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff's Requests of the Court" [ECF No. 27] is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that **no later than January 10, 2025**, Plaintiff shall provide his Initial Disclosures to Defendants. If Plaintiff fails to comply with this Order, then the Court may sanction Plaintiff, including possibly dismissing Plaintiff's case for failure to prosecute.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to appoint Plaintiff counsel pursuant to the Plan for the Appointment of Pro Bono Counsel. A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff's discovery documents [ECF No. 27-1] are **STRICKEN** from the record. The Clerk of Court shall return the originals to Plaintiff.

Dated this 2nd day of January, 2025.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE